UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ORDONEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:22-cv-00985-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 14, 17) |

## **INTRODUCTION**

Plaintiff Robert Ordonez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") partially denying his application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on Plaintiff's motion for summary judgment and the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole or

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 3, 11, 12.)

1

based upon proper legal standards. Accordingly, this Court will grant Plaintiff's motion for summary judgment, deny the Commissioner's request to affirm the agency decision, and reverse and remand the matter for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed an application for disability insurance benefits on April 20, 2021. AR 22, 211-12, 213-16.[2] Plaintiff alleged that he became disabled on February 28, 2020, due to a heart condition. AR 241. Plaintiff's application was denied initially and on reconsideration. AR 105-09, 116-20. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ John Rolph held a telephonic hearing on April 11, 2022. AR 42-75. ALJ Rolph issued an order partially denying benefits on April 20, 2022. AR 18-37. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and the medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's sequential evaluation process, the ALJ determined that Plaintiff was disabled from February 28, 2020, through June 24, 2021. The ALJ also determined that Plaintiff's disability ended as of June 25, 2021, and he had not become disabled since that date. AR 18-37. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2020, the date he became disabled. AR 25. For the period from February 28, 2020, through June 24, 2021, the ALJ identified the following severe impairments: Heart impairments that include congestive heart failure, dilated cardiomyopathy, atrial fibrillation, status post pacemaker and internal cardia defibrillator placement with residual symptoms including chest wall pain and dyspnea on exertion, morbid obesity, and left knee impairments that include moderate

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

tricompartmental degenerative spurring with medial compartment joint space loss. AR 26. From February 28, 2020, through June 23, 2021, the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 26-27.

Based on a review of the entire record, the ALJ found that for the period from February 28, 2020, through June 24, 2021, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work defined as follows: Plaintiff was able to lift, carry, push and pull up to 10 pounds occasionally and 5 pounds frequently in sedentary work as defined by the regulations. He could stand and/or walk two hours in an 8-hour day. He could sit 6 hours in an 8-hour day. He could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. With the nondominant left upper extremity, he could occasionally reach overhead and could frequently push, pull, and reach in all other directions. With the left lower extremity, he could frequently push, pull, and engage in foot pedal operations. He must avoid more than occasional exposure to extreme heat, cold, intense sunlight, and vibration. He should avoid all exposure to hazards such as dangerous moving machinery and unsecured heights. Due to his combination of severe physical impairments and associated pain and other symptoms, he would regularly be off task a minimum of 15 percent of the work period, and would routinely miss a minimum of 3 work days per month. AR 27-30. With this RFC, the ALJ concluded that for the period from February 28, 2020, through June 24, 2021, Plaintiff was unable to perform any past relevant work and there were no other jobs existing in significant numbers that Plaintiff could have performed. AR 30-31. The ALJ therefore found that Plaintiff was under a disability from February 28, 2020, through June 24, 2021. AR 31.

The ALJ determined that medical improvement occurred as of June 25, 2021. AR 32-33. Beginning on June 25, 2021, Plaintiff retained the RFC to perform sedentary work defined as follows: Plaintiff was able to lift, carry, push and pull up to 10 pounds both occasionally and 5 pounds frequently in sedentary work as defined by the regulations. He could stand and/or walk two hours in an 8-hour day and could sit 6 hours in an 8-hour day. He could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. With the nondominant left upper extremity, he could occasionally reach overhead and could frequently push,

pull, and reach in all other directions.  With the left lower extremity, he could frequently push, pull, and engage in foot pedal operations.  He must avoid more than occasional exposure to extreme heat, cold, intense sunlight, and vibration.  He should avoid all exposure to hazards such as dangerous moving machinery and unsecured heights.  AR 33-36.  With this RFC, the ALJ concluded that Plaintiff could not perform his past relevant work, but beginning June 25, 2021, there were other jobs in the national economy that he could perform, such as assembler, inspector, and order clerk.  AR 36-37.  The ALJ therefore found that Plaintiff's disability ended June 25, 2021, and that Plaintiff was disabled from February 28, 2020, through June 24, 2021.  AR 37.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such

severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff argues the record evidence does not support the ALJ's determination that Plaintiff's cardiac impairment medically improved on June 25, 2021. (Doc. 14 at p. 7.) The Commissioner counters that "substantial evidence supports the ALJ's finding that Plaintiff experienced medical improvement beginning June 25, 2021, and that the medical improvement resulted in an increased RFC." (Doc. 17 at p. 7.)

"A Social Security disability benefits claimant is no longer entitled to benefits when substantial evidence demonstrates (1) 'there has been any medical improvement in the [claimant's] impairment' and (2) the claimant 'is now able to engage in substantial gainful activity.'" *Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016) (quoting 42 U.S.C. § 423(f)(1)). This standard applies to closed period cases—such as this one—where "the ALJ finds in a *single* decision that the claimant was disabled for a closed period of time but has since medically improved." *Id.* at 874 (emphasis in original).

"Medical improvement is defined as 'any decrease in the medical severity' of a claimant's impairment, and any determination to that effect 'must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s).'" *Bracksieck v. Saul*, No. 2:18-cv-00661 AC, 2019 WL 2567143, at *6 (E.D. Cal. June 21, 2019) (quoting 20 C.F.R. § 404.1594(b)(1)). To determine whether there has been medical improvement in closed period cases, "an ALJ should compare the medical evidence used to determine that the claimant was disabled with the medical evidence existing at the time of asserted medical improvement." *Attmore,* 827 F.3d at 874.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

Plaintiff asserts that "a comparison of the medical evidence at the time of Plaintiff's disability (prior to June 25, 2021) with the evidence during the period of his purported improvement (beginning on June 25, 2021) did not show any material change with regards to symptoms, signs and laboratory findings." (Doc. 14 at p. 8.) The Court agrees.

The ALJ determined that medical improvement occurred as of June 25, 2021, based on the following:

> A January 2021 echocardiogram revealed a left ventricular ejection fraction of 40-50% by visual estimation and 47.3% by Simpsons biplane, up significantly from readings in the twenties prior to implantation of his ICD. His left ventricular systolic functioning was only mildly decreased. (Ex. 1F/26-28, 115-117, 172-173, 175). He was able to tolerate only an hour of activity in the months after his surgery. (Ex. 1F/41). However, by June of 2021, despite experiencing shortness of breath and burning over his ICD site, the claimant was able to engage in more strenuous activities such as mowing grass and pulling weeds, and was considering a return to work, albeit not heavy work as he had previously performed. (Ex. 2F/12). An echocardiogram performed the next month again revealed an ejection fraction in the forties. Unlike previous studies, his right and left atria were normal in size and his RV systolic function had improved to low normal. (Ex. 3F/15-17).

AR 32-33.

The Court finds the ALJ's determination of medical improvement is not supported by substantial evidence. The ALJ compared Plaintiff's January 2021 echocardiogram with a July 2021 echocardiogram and determined that, unlike previous studies, Plaintiff's "right and left atria were normal in size and his RV systolic function had improved to low normal." AR 33 (citing AR 563-65). The ALJ correctly identified a change in Plaintiff's right atrium. C*ompare* AR 311 (mildly dilated right atrium) *with* AR 564 (normal right atrium). However, the ALJ's remaining determination is not supported by the laboratory findings. According to the record, Plaintiff's left atrium remained unchanged between the two studies (*compare* AR 311 [left atrium normal in size] *with* AR 564 [left atrium normal in size]) and his RV systolic function went from "normal" in January 2021 to "low normal" in July 2021 (*compare* AR 311 *with* AR 564). Thus, the only laboratory sign relied upon was a slight change in his right atrium, from only mildly dilated to normal. This does not amount to substantial evidence. Further, the ALJ overlooks an exercise stress test completed on August 26, 2021, which revealed poor exercise tolerance with only 62% of predicted maximal HR. Plaintiff

6

exercised for only 3 minutes and 20 seconds, but developed fatigue and shortness of breath during the exam.  AR 584.

The Court recognizes that in finding medical improvement the ALJ also relied on evidence that by June 2021, despite experiencing shortness of breath and burning over his internal cardiac defibrillator site, Plaintiff was able to engage in more strenuous activities such as mowing grass and pulling weeds, and was considering a return to work, albeit not heavy work as he had previously performed. AR 32-33 (citing AR 545).  Yet, the ALJ's characterization of the June 2021 treatment record is not wholly accurate.  Rather, Plaintiff complained he had "been having a bit of *worsening* of the gasping for breath [¶] while mowing grass *severe* short of breath. [¶] burning over his pacemaker while pulling weeds and other *mild* activities."  AR 545 (emphasis added).  Plaintiff's doctor opined that Plaintiff was "still limited as would be expected."  *Id.*

Additionally, Plaintiff continued to report shortness of breath and increased chest pain after June 25, 2021.  For instance, on September 1, 2021, Plaintiff indicated that he "gets winded if out in the sun or working in the garden" and also feels constant pain in the left pectoral.  AR 577.  Later that month, on September 15, 2021, Plaintiff reported that his breathing was "still short," and he still had "a pressure like sensation in the chest."  AR 607.  Plaintiff also stated that he could not work, as he was "too fatigued" and was "unable to walk on treadmill."  AR 608.  On December 16, 2021, Plaintiff complained of "more and more chest pain" and that he also gets  "dyspneic bending over," which his provider posited "could still be due to his lf dysfunction."  AR 598-99.  Additional physical examinations in December 2021 also revealed "irregularly irregular rate and rhythm" of his heart.  AR 618, 621. And, in February 2022, Plaintiff again reported pain in his chest, increasing with inspiration and movement.  AR 664.

Based on the foregoing, the Court concludes that the ALJ's finding of medical improvement as of June 25, 2021, is not supported by substantial evidence.

**B.    Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Unless "the record has been fully developed and further administrative proceedings would serve no

7

useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole or based on proper legal standards. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED, the Commissioner's request to affirm the administrative decision is DENIED, and the matter is REVERSED and REMANDED for further proceedings. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Robert Ordonez and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 30, 2023**            /s/ Barbara A. McAuliffe            
                                      UNITED STATES MAGISTRATE JUDGE