UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ORDONEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00985-BAM<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>(Doc. 23) |

### I.   Introduction

Francesco Benavides ("Counsel"), counsel for Robert Ordonez ("Plaintiff"), filed a motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b) on August 16, 2025. (Doc. 23.) Although served with a copy of the motion by certified mail on August 16, 2025, and notified of the right to object within fourteen days, (*see* Doc. 23 at 1, 8), Plaintiff did not file a response. On September 2, 2025, Defendant Commissioner of Social Security filed a response, indicating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Doc. 25 at 2.)

Having considered the motion and record in this case, the Court will grant the motion for authorization of attorneys' fees in the amount of $7,700.00.

### II.   Relevant Background

Plaintiff, through Counsel, filed this action challenging the denial of social security

1

benefits on August 8, 2022. (Doc. 1.) On June 30, 2023, the Court issued an order granting Plaintiff's motion for summary judgment and remanding the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19.) Judgment was entered in Plaintiff's favor. (Doc. 20.) On July 11, 2022, the Court approved the parties' stipulation to award Plaintiff attorneys' fees of $7,100.45 pursuant to the Equal Access to Justice Act. (Doc. 22.)  According to Counsel, because Plaintiff owed a debt subject to a Department of Treasury offset, Counsel did not receive the $7,100.45 in fees. Instead, the Treasury Department took this payment to pay Plaintiff's child support debt. (Doc. 23 at 1; Doc. 23-5.)

On remand, an administrative law judge issued a favorable decision awarding benefits to Plaintiff. (Doc. 23-2.) On July 14, 2025, the agency issued Plaintiff a notice informing him that he was entitled to past-due disability benefits and specified that Plaintiff had total past-due benefits amounting to $59,722.00. (Doc. 23-1 at 5.)  The agency also informed Plaintiff that it was withholding $14,943.00 from his past due benefits to pay his representative. (*Id.*)

Counsel now seeks authorization of attorneys' fees in the total amount of $7,700.00 which is less than 25 percent of Plaintiff's past due benefits.[1] (Doc. 23 at 3.) Plaintiff agreed to pay Counsel a contingent fee of 25% of any past due benefits obtained for work in federal court. (Doc. 25-3.) Counsel contends that the requested fee amount is reasonable considering the contingent nature of recovery and the results achieved. Although Counsel previously was awarded $ 7,100.45 in EAJA fees, Counsel did not receive the award as it was subject to a Treasury Offset. As noted, Plaintiff did not file any objection to Counsel's request.

**II.    Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25

---

[1] Counsel reports that the attorney who represented Plaintiff at the administrative level received or is anticipated to receive $7,200.00 in attorneys' fees under 42 U.S.C. § 406(a), and the total amount of all attorneys' fees paid under § 406(a) and § 406(b) will not exceed 25% of Plaintiff's past-due award of benefits. (Doc. 23 at 1-2.)

2

>percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (explaining section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807. "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796).

### III.     Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Counsel's requested fees to be reasonable. In support of the motion for authorization of attorneys' fees under 42 U.S.C. § 406(b), Counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past-due benefits.  (Doc. 23-3.)  Counsel accordingly accepted the risk of loss in the representation.  As a result of Plaintiff's counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner ultimately awarded Plaintiff benefits.  Counsel provided a copy of the instant motion for authorization of attorneys' fees to Plaintiff. (*See* Doc. 23 at 8.)  Although served with the motion, Plaintiff did not timely challenge the requested fees, which attests to their reasonableness.

Additionally, there is no indication Plaintiff's counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff filed an opening brief and a reply brief in this action and was able to secure a remand for further proceedings at the district court level and a subsequent award of past-due benefits. There is no indication that the fees requested are excessively large in relation to the benefits received. Plaintiff's counsel expended a total of 31.0 hours while representing Plaintiff before the district court. (Doc. 23-4 (itemization of attorney time).) The effective hourly rate requested equals $248.38 per hour. (*See also* Doc. 23 at 4.) This hourly rate is not excessive when compared to what district courts in the Ninth Circuit have approved in cases involving social security contingency fee arrangements. *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 per hour not excessive).

Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the results achieved in this action. An award of attorneys' fees pursuant to section 406(b) in the amount of $7,700.00 is appropriate, and because Counsel did not receive EAJA fees, no offset of any prior award of attorneys' fees granted under the EAJA is warranted. *Gisbrecht*, 535 U.S. at 796.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1.     Counsel's motion attorneys' fees pursuant to 42 U.S.C. § 406(b), (Doc. 23), is GRANTED.

2.     The Court approves an attorney fee award of $7,700.00 pursuant to 42 U.S.C. § 406(b), not subject to an offset as no prior EAJA fee award was received by Plaintiff's counsel.

IT IS SO ORDERED.

Dated:  **October 16, 2025**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE

4